UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT M. SILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-966-CDP |
| | ) | |
| NICK ZOTOS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon defendant Nick Zotos's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted. (Docket No. 7). The motion is fully briefed and ripe for review. For the reasons explained below, I will deny the motion.

**I. Background**

Plaintiff Robert M. Sills, a resident of the state of Texas, is a federal prisoner confined in the St. Charles County Department of Corrections on a writ of habeas corpus ad testificandum. Defendant is a Missouri resident. Plaintiff seeks damages in the amount of $2,000,000. The events giving rise to the instant complaint occurred in St. Louis when plaintiff was a criminal defendant in a case charging him with violating the federal witness tampering statute. *See United States v. Sills*, Case No. 4:10-cr-523-JCH (E.D. Mo. Sept. 16, 2011). Defendant served as plaintiff's defense attorney. Plaintiff alleges that defendant advised him to plead guilty in June of 2011 even though a May 26, 2011 Supreme Court decision placed his indictment beyond the reach of federal law. The Supreme Court case plaintiff cites is *Fowler v. United States*, 563

U.S. 668 (2011). Plaintiff alleges that, in March of 2013, his conviction was vacated and dismissed in light of *Fowler*, and because of that, he is now entitled to bring this legal malpractice action against defendant.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id*. at 556,

and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).

### III. Discussion

Defendant filed the instant motion pursuant to Rule 12(b)(6), and moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. In support, defendant argues that plaintiff filed the complaint outside of the five-year statute of limitations applicable to legal malpractice actions in Missouri. Defendant reasons that plaintiff's cause of action accrued on September 16, 2011, the date the adverse judgment was entered against him in *United States v. Sills*, but the instant complaint was not filed until March 15, 2017, six months out of time. In response, plaintiff argues that the principles of *Heck v. Humphrey* precluded him from bringing this action before his exoneration, and that Missouri's five-year statute of limitations therefore did not commence until March 18, 2013, the date his conviction was overturned. In reply, defendant argues that the principles of *Heck* are inapplicable to the instant cause of action, that tolling principles applicable to other cases are inapplicable here, and that where the alleged malpractice results in an adverse judgment, the statute of limitations begins to run on the date that judgment was entered.

Bar by a statute of limitation is an affirmative defense, which the defendant must plead and prove. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008); Fed. R. Civ. P. 8(c). A defendant does not render a complaint defective by pleading an affirmative defense, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), and therefore the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1017–18 (8th Cir.

2004) (dismissal proper because complaint ruled out tolling of statute of limitations). Therefore, the inquiry for purposes of the instant motion is whether the complaint itself establishes that plaintiff's legal malpractice claim is barred by the statute of limitations.

As noted above, the complaint alleges that the actions constituting the legal malpractice occurred in June of 2011, when defendant advised plaintiff to plead guilty to a federal charge even though *Fowler*, decided earlier, placed his indictment beyond the reach of federal law. The complaint further alleges that plaintiff was precluded from bringing his claim until his conviction was vacated on the basis of *Fowler* in March of 2013. The allegations in the complaint could plausibly support plaintiff's argument raised in opposition to the motion to dismiss, and therefore the complaint itself does not entirely foreclose the possibility that plaintiff can successfully rebut defendant's statute of limitations defense. While defendant presents argument about the applicability of *Heck v. Humphrey* and the principles of Missouri law governing accrual of legal malpractice actions, in the context of a motion to dismiss under Rule 12(b)(6), dismissal on the basis of the statute of limitations is only proper where the complaint itself establishes the defense. *See Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (citing *Varner*, 371 F.3d 1017-18) ("the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."). Here, the complaint does not so establish. I will therefore deny the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (Docket No. 7) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Zotos shall file his answer to the complaint within the time specified by the Federal Rules of Civil Procedure. *See* Rule 12(a)(4)(A).

Dated this 21st day of September, 2017.

                                        CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE