UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT M. SILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 966 CDP |
| | ) | |
| NICK ZOTOS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

*Pro se* plaintiff Robert Sills brings this action alleging that defendant, Nick Zotos, committed attorney malpractice by advising him to plead guilty to violating the federal witness tampering statute, 18 U.S.C. § 1512 *et. seq.* At the time of the plea and sentencing, none of the involved participants realized that the United States Supreme Court had recently ruled that the witness tampering statute could not apply to the facts set out in Sills' guilty plea. His witness tampering conviction was set aside approximately 18 months after he was sentenced. Sills had two other federal cases, however, and although he had been in Bureau of Prisons' custody on the first of those other cases, he had not yet begun serving the witness tampering sentence when the conviction was vacated. Based on the undisputed evidence, Sills cannot prove any damages, which is a required element of a legal malpractice claim. Sills has not disclosed or presented any expert testimony that would support

a conclusion that his attorney was negligent or that his attorney's actions proximately caused any damages. Sills failed to challenge defendant's Statement of Uncontroverted Material Facts, and, in seeking to do so after this deficiency was pointed out, sought leave to file a response that failed to cite to any evidence that could show a dispute of material fact. I will grant defendant's motion for summary judgment.

## Background

The witness tampering plea that gave rise to this attorney malpractice suit was only one of Sills' three federal criminal cases that were going on at approximately the same time. In 2010 he had pleaded guilty to a cocaine conspiracy in the Eastern District of Michigan and had received a 136 month sentence. Case No. 2:06CR20663 AC (E. D. Mich. June 28, 2010). He was serving that sentence when he was indicted in this district for a different drug conspiracy in Case No. 4:10CR573 HEA. In the Eastern Missouri drug case he pleaded guilty with a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., for a 120 month sentence that would run consecutively to the Michigan sentence.

The witness tampering conviction in Case No. 4:10CR523 JCH was also the result of a plea bargain in which Sills agreed to plead guilty to witness tampering in return for the government's agreement to dismiss the original charge of

2

conspiracy to commit murder for hire. In the witness tampering case the plea agreement called for a sentence that could not be greater than and would run concurrently with the agreed 10 year sentence in 4:10CR573 HEA (the Eastern Missouri drug conspiracy sentence). The two Eastern Missouri plea agreements also provided that both Missouri sentences would run consecutively to the 136 month Michigan sentence that had been imposed the year before. Thus, the plea agreements provided that in addition to his 136 month sentence from the Michigan federal case, Sills would serve a consecutive sentence of 120 months in the Bureau of Prisons on the two Missouri federal cases.

Sills pleaded guilty to the witness tampering charge on June 20, 2011, admitting that he knowingly attempted to persuade another person to threaten and intimidate a witness to keep the witness from testifying in a state criminal trial. He was sentenced on September 16, 2011; as anticipated by the plea agreement, he was sentenced to 120 months, to be served concurrently with the 10 year sentence on the Missouri drug case and consecutively to the 136 month sentence on the Michigan drug case. But less than a month before Sills' guilty plea, on May 26, 2011, the United States Supreme Court had issued a controlling decision related to the witness tampering law, *Fowler v. United States,* 563 U.S. 668 (2011). *Fowler* held that a conviction under the witness tampering statute required the government to show that "there was a reasonable likelihood that a relevant communication

3

would have been made *to a federal officer*." *Fowler v. United States*, 563 U.S. 668, 678-79 (2011) (emphasis added). Because Sills sought to prevent the victim from testifying in a state trial, *Fowler* placed Sill's guilty plea beyond the reach of federal law.

Sills filed a motion to vacate his conviction, which the government conceded. Case No. 4:12CV1770 JCH. On March 18, 2013, the conviction and 120 month sentence for witness tampering was vacated. [ECF 25-1 at 3]. Sills remains incarcerated for the two drug convictions, however. At the time his conviction was vacated in the witness tampering case, Sills had not yet begun serving either of the Missouri sentences, but was still serving the 136 month sentence from the Eastern Michigan drug case.

Sills brought this action in March 2017. His attorney malpractice complaint sought an unspecified two million dollars in damages. Defendant Zotos filed his motion for summary judgment, accompanied by a Statement of Uncontroverted Material Facts and supporting evidence. When Sills responded to the motion for summary judgment, he did not file a response to the defendant's Statement of Uncontroverted Material Facts, as required by Local Rule 7-4.01, nor did he point to or present any evidence, as required by Rule 56(c), Fed. R. Civ. P. and by the local rule. After defendant argued that this failure should result in the Court's granting the motion for summary judgment, Sills filed a Motion for Leave to file

4

an untimely response to defendant's Statement of Uncontroverted Material Facts. In his proposed response, Sills denied certain of the defendant's factual statements, but again failed to provide any evidence or point to any evidence of record to support his denials.

## Discussion

In determining whether to grant summary judgment, the court views the facts and any inferences from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the movant has met this burden, the nonmoving party may not rest on the allegations in its pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1), (e). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. A plaintiff's status as a *pro se* prisoner does not excuse him from responding to a defendant's motion with specific facts to support

5

his claim in order to avoid summary judgment. *See Burnett v. Acikgoz,* 4:13CV1990 JAR, 2015 WL 4603475 at *1 (E.D. Mo. July 30, 2015); *see alsoMcDowell v. Creg*, No. 1:14 CV 185 ACL, 2016 WL 6070146, at *2 (E.D. Mo. Oct. 17, 2016) (citing *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001)).

To establish a claim of legal malpractice under Missouri law, a plaintiff must prove four elements: (1) an attorney-client relationship; (2) negligence by the attorney; (3) proximate cause of plaintiff's harm; and (4) damages. *Duncan v. Dempsey*, 547 S.W.3d 815, 820 (Mo. Ct. App. 2018) (citing *SKMDV Holdings, Inc. v. Green Jacobson, P.C.*, 494 S.W.3d 537, 545 (Mo. Ct. App. 2016). "Failure to prove any of these four elements defeats a claim for legal malpractice." *Id.*

Generally, expert testimony is required to show that the attorney was negligent in a legal malpractice action. *Rosemann v. Sigillito*, 785 F.3d 1175, 1180 (8th Cir. 2015); *Duncan,* 547 S.W.3d at 820. An expert's testimony will not be required, however, if the alleged negligence is "clear and palpable to a jury of laymen." *Rosemann*, 785 F.3d at 1180 (quoting *Zweifel v Zenge & Smith*, 778 S.W.3d 372, 374 (Mo. Ct. App. 1989)); *Roberts v. Sokol,* 330 S.W.3d 576, 581 (Mo. Ct. App. 2011). A negligent act is clear and palpable if the error is so apparent "as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it." *Rosemann*, 785 F.3d at 1180.

Any damages Sills claims are purely speculative. Damages are speculative if an uncertainty concerns whether there are any damages to begin with rather than a specific dollar amount. *London v. Weitzman*, 884 S.W.2d 674, 677 (Mo. Ct. App. 1994) (quoting R.E. Mallen and J.M Smith, *Legal Malpractice*, Vol. I, § 16.3 (3d ed. 1989)). Because the witness tampering conviction and sentence were set aside in 2013, long before Sills began serving that sentence, he never served any jail time on the invalid conviction. Both Missouri sentences were to be served consecutively to the 136 month sentence imposed in the Eastern District of Michigan, and in 2013 Sills was still serving the sentence on the Michigan conviction. Additionally, his sentence in the witness tampering conviction was to be served concurrently with the 120 month sentence in the Eastern District of Missouri drug conspiracy case, so setting aside only one of the two sentences had no effect on the time he would actually serve in prison. Sills is no longer harmed by the guilty plea to witness tampering and its 120 month sentence. *See Jones v. Link*, 493 F. Supp. 2d 765, 772 (E.D. Va. 2007) (plaintiff was not damaged by counsel's sentencing error because timely post-conviction relief resulted in a reduced sentence, so the "post-conviction relief has provided what competent representation should have in the first place.").

Additionally, Sills has not provided any other evidence that could form the basis for an award of damages. In his response to defendant's arguments that he

had shown no evidence of damages, Sills pointed to his interrogatory answers and argues that he suffered "loss of retainer fees paid to the defendant." But neither in those answers or anywhere else in the record does he quantify the amount of any retainer that he may have paid.[1] Moreover, in responding to an inquiry from defense counsel regarding the adequacy of his discovery responses, plaintiff responded only that he sought two million dollars in damages for mental anguish and emotional distress, an argument (again without evidence) which he appears to have abandoned on summary judgment.

Even if Sills could show some damages, he cannot show that any damages were proximately caused by his attorney's errors. The plea to the witness tampering charge was the result of a plea bargain whereby the United States agreed to dismiss the original charge of conspiracy to commit murder for hire. There is no reason to believe that the United States would have simply dismissed the murder conspiracy charge and not charged Sills with anything arising from this criminal conspiracy. The United States did not dismiss charges against any of the co-conspirators named in the indictment in 4:10CR523 JCH; instead all four charged defendants entered guilty pleas. Co-defendant Lawrence Wallace was sentenced to

---

[1] Some Courts have held that legal fees cannot be a measure of damages in a malpractice case because the fees were not caused by the attorney's negligence. *See Jones v. Link*, 493 F.Supp. 2d 765, 771 (E.D. Va. 2007), *citing Bloomer v. Gibson*, 912 A.2d 424, 432 (Vt. 2006) (legal fees "were charged irrespective of the quality of defendant's representation"); *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 568 S.E. 2d 693, 694 (Va. 2004).

150 months, Cortez Brown was sentenced to 48 months, and Anishika Ward was sentenced to 60 months. Had the error not occurred, Sills cannot say whether he would have gone to trial and been acquitted, gone to trial and been convicted, engaged in different plea negotiations and pleaded guilty to something different, had the charges dismissed, or even been charged in state court with state witness tampering, which is the crime he actually admitted to in his guilty plea. Sills has not presented evidence that his attorney's negligence was the proximate cause of any damages, which is necessary in a malpractice claim.

Even if Sills could show some form of damages, he has failed to show that his attorney's advice to plead guilty was negligent. He argues that presentation of expert testimony is not necessary because advice to plead guilty to a "non-existent" crime is clear and palpable negligence that would be obvious to a layperson. But under the circumstances here, that is not necessarily so. It was not only defense attorney Zotos who failed to raise this issue: the Assistant United States Attorney who prosecuted Sills, the United States Probation Officer who wrote the presentence report, and – most importantly – the United States District Judge who took the plea and sentenced Sills also failed to raise the issue. If all of those participants did not see the problem or did not grasp the relevance of a Supreme Court case so recently decided, the fact that Zotos also did not do so cannot be said to be clear and palpable negligence obvious to a layperson. Additionally, conduct

9

of plea negotiations and the decision to plead guilty to a superseding charge are beyond the common understanding of laymen. This is not a case where a plaintiff can be excused from the requirement of presenting expert testimony to establish attorney malpractice.

Finally, Sills failed to comply with the Local and Federal Rules and this failure could, in itself, result in the grant of summary judgment against him. Initially, in violation of both Local Rule 7-4.01 and Federal Rule 56(c), he failed entirely to respond to the Statement of Uncontroverted Material Facts and instead simply filed a brief arguing that the motion should be denied. After defendant argued in his reply brief that the Court should grant the motion for this non-compliance with the rules, Sills filed a motion for leave to file a response, but that proposed response still did not cite to any evidence of record or provide any affidavit or other evidence to support his denials. Finally, many of his denials are directly contradicted by the records of the Court. For example, he denies the facts of the initial prosecution and denies the agreements he made in his plea agreement. He denied that he received no additional jail time because the sentence was concurrent to the other Missouri case and was consecutive to the Michigan case. He denied that the plea bargain was approved by the prosecutor and the judge. He denied that he filed this case nearly four years after his conviction was vacated. These denials are directly contradicted by the Court's own records, and cannot be

said to have been made in good faith. I could grant the motion for summary judgment on this basis alone. *See, e.g., Deichmann v. Boeing Co.*, 36 F. Supp. 2d 1166, 1168 (E.D. Mo. 1999) ("mere allegations that issues remain in dispute are insufficient to meet the requirements of Local Rule 4.01(E), and [the party is] deemed to have admitted all facts which were not specifically controverted.").

For all the above reasons,

**IT IS HEREBY ORDERED** that defendant Nick Zotos's motion for summary judgment [24] is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to file a Response to Defendant's Statement of Uncontroverted Material Facts [28] is denied.

A separate judgment in accord with this Memorandum and Opinion is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2019.